IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**LOUANA JOHNSON LOVE**                                                                          **PLAINTIFF**

v.                                              **4:07CV00723-WRW**

**DOUGLAS W. WILLIFORD**                                                                      **DEFENDANTS**

## ORDER

Pending is Defendant's Motion to Dismiss (Doc. No. 4). Because this court lacks federal subject matter jurisdiction, this case is DISMISSED without prejudice.

**Discussion**

Federal courts are courts of limited jurisdiction and have the power to hear only those cases that they have been authorized to hear by Congress or by the Constitution.[1] Congress created two bases of original jurisdiction in the Federal courts: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332.[2] Since Plaintiff has not specifically asserted jurisdiction under either of these approaches, I will address her claims under both. It is to be presumed that causes of action lie outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.[3]

A District Court lacking subject matter jurisdiction must dismiss the case at *any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking.[4] A court can dismiss an action

---

[1] *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

[2] *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

[3] *Kokkonen*, 511 U.S. at 377.

[4] *Basso v. Utah Power & Light Co.*, 495 F.2d 906 (10th Cir. 1974).

*sua sponte* for lack of federal subject matter jurisdiction even where the defendant makes no responsive pleadings and does not move to dismiss for want of subject matter jurisdiction.[5]

### A. Diversity Jurisdiction

Federal courts have original jurisdiction in cases when diversity of citizenship exists between the parties and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."[6] "The burden of proof . . . is upon the party asserting jurisdiction."[7]

Plaintiff's Complaint does not state the grounds for which this court has jurisdiction. In order to attain diversity jurisdiction, not only must a plaintiff have a cause of action amounting to at least $75,000, but there must be complete diversity, "so that no defendant is a citizen of the same state as any plaintiff."[8] Plaintiff identifies herself as a resident of Arkansas. In her complaint, Plaintiff names Douglas W. Willford, an Arkansas resident, as the defendant. Because Plaintiff and Defendant are citizens of Arkansas, complete diversity of the parties does not exist. Without complete diversity, Plaintiff may not pursue her claims in this Court on the basis of diversity jurisdiction.[9]

---

[5] *Howard v. Lemmons*, 547 F.2d 290, (5th Cir. 1977).

[6] 28 U.S.C. § 1332.

[7] *Estate of Blakely v. Asbestos Corp.*, 766 F. Supp. 721 (E.D. Ark. 1991); 12 WRIGHT AND MILLER, FEDERAL PRACTICE & PROCEDURE § 1350 (1990).

[8] *Walker by Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997). *See also Strawbridge v. Curtiss*, 7 U.S. 267 (1806); *Owen Equipment and Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978).

[9] *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 18 (1951).

B.      **Federal Question**

In the absence of diversity of citizenship, a federal court may hear a controversy only if federal question jurisdiction exists.[10]  Federal court jurisdiction requires that a federal question be presented on the face of the plaintiff's well-pleaded complaint.[11]  Federal questions include actions arising "under the Constitution, laws, or treaties of the United States."[12]  Even with a liberal reading of Plaintiff's Complaint, none of her claims could be interpreted to constitute a federal question.[13]  Plaintiff, therefore, is unable to acquire jurisdiction in this Court under 28 U.S.C. § 1331.

**CONCLUSION**

Because Plaintiff is unable to establish either federal question or diversity jurisdiction, this Court lacks subject matter jurisdiction over this case and the case is DISMISSED without prejudice.

IT IS SO ORDERED this 26th day of September, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[10] *Caterpiller*, 482 U.S. at 392.

[11] *Oklahoma Tax Commission v. Graham*, 489 U.S. 838, 840-41 (1989).

[12] 28 U.S.C. § 1331.